GUIDRY, Judge,
concurring.
Harold Lejeune contractually agreed to desist from any conduct or action which would divest Hazel Marie Trosclair Lejeune of her entitlement to the sum of $1,172.82 monthly from the Louisiana Assessor’s Retirement Fund. It is clear that Lejeune’s continued employment as a consultant by the Assessor of St. Landry Parish is the action or conduct which prevents his receiving monthly retirement and the simultaneous payment to Mrs. Lejeune of the money which the parties contractually agreed she should receive monthly. The trial judge apparently concluded that pursuant to the contractual agreement Lejeune should either pay Mrs. Lejeune the monthly sum agreed upon or discontinue the action or conduct which was serving to divest him of the right to payment of his retirement. I find no error in that conclusion. Under the circumstances, Le-jeune’s continued employment by the Assessor constitutes a breach of his contractual obligation to desist from any conduct or action which would divest Mrs. Lejeune of the right to receive the payment of $1,172.82 monthly from the Louisiana Assessor’s Retirement Fund. The measure of damages for a breach of contract are the loss sustained by the obligee and the profit of which he has been deprived. La.C.C. art. 1995.
For these reasons, I respectfully concur.